Dear Mr. Jones:
Your request for an Attorney General's opinion has been forwarded to me for research and response.
Specifically, you ask the following question:
 Are citizen committees established and appointed by the Mayor for discussion, research, and advice subject to the Open Meetings Law?
The pertinent statutes are as follows:
La. R.S. 42:4.2 Definitions
A. For the purposes of R.S. 42:1 through R.S. 42:12:
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
 La. R.S. 42:5 Meetings of public bodies to be open to the public
 A. Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1, or R.S. 42:6.2.
We refer you to Attorney General's Opinions 79-1392 and 89-481 which are attached. The questions posed in these opinions are whether a committee appointed by a mayor is a "public body" within the meaning of La. R.S. 42:4.2(2) and whether an advisory committee appointed by a Mayor is required to comply with the Open Meetings Law. An affirmative answer was given to both of these questions.
We believe the reasoning applied in those situations is also applicable in yours. First, the committees you describe are "public bodies" since the term includes any committee or subcommittee of a municipal authority which possesses policy making, advisory or administrative functions. You stated that the Mayor's committees were established to give advice. Since this is one of the requirements of a public body, the definition of La. R.S. 42:4.2(2) is met.
Second, La. R.S. 42:5(A), which is a part of the Open Meetings Law, requires that every meeting of a public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S. 42:6.1 or R.S. 42:6.2. Therefore, meetings of the committees you describe are required to comply with the Open Meetings Law, unless the meeting falls within one of the exceptions listed above.
In summary, it remains the opinion of this office that committees appointed by the mayor of a municipality are "public bodies" and, as such, are required to comply with the Open Meetings Law.
If we can be of further assistance to you, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: FRANCES E. JONES Assistant Attorney General
Attachment
OPINION NUMBER 79-1392
DECEMBER 14, 1979
90-B-4 Public Meetings — State and Local Governing Board 61 — Laws — General. . . .
R.S. 42:4.2(A) R.S. 42:4.1 to R.S. 42:10
A citizens committee appointed by the Mayor of a municipality to study inform and advise the Mayor and Board of Aldermen on a matter of public finance is a public body*
* body within the meaning of R. .2(A) and its meeting should to the public.
Mr. Charles G. Gladney City Attorney 127 East Madison Avenue P.O. Box 1136 Bastrop, Louisiana 71220